NEW ENGLAND S. S. CO. v. NEW YORK DOCK CO. et al.

(Circuit Court of Appeals, Second Circuit. June 14, 1913.)

No. 252.

ADMIRALTY (§ 118*)—REVIEW—SUFFICIENCY OF EVIDENCE.

A decree dismissing a libel for collision cannot be reversed where the testimony on which the right to recover depended was directly contradicted by other witnesses, all of whom testified before the court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. § 118.*]

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing a libel brought to recover damages sustained by the libelant's barge while lying at Pier 12, Brooklyn. It was contended that while lying there she was in collision with a car float of the dock company in tow of its chartered tug Timmins. That, while the tug was bringing the car float into the bridge of the company's slip, she first ran into the rack and then, rebounding therefrom, struck the barge.

J. T. Kilbreth, of New York City, for appellant.

Haight, Sandford & Smith, of New York City (Henry M. Hewitt, of New York City, of counsel), for appellee New York Dock Co.

Burlingham, Montgomery & Beecher, of New York City (C. I. Clark, of New York City, of counsel), for appellee Timmins.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We do not see how the decree appealed from can be reversed. There are four witnesses who testified as to the alleged collision. They are flatly opposed to each other (two to two), with no theory which can harmonize their conflicting stories. The District Judge who saw them all states squarely that he believed two of them and, inferentially, that he did not believe the other two. We can find nothing in the record to convince us that he was mistaken in his judgment of the value of their testimony.

The decree is affirmed, with costs.